**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Insurance Company of America, | No. CV-16-08171-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Beverly Thomas, *et al.*, | |
| Defendants. | |

At issue are the following Motions: (1) Defendants Amanda Thomas, Matthew Thomas, Andrea Thomas-Fuller, and Michelle Thomas-Landovazo's (collectively, the "Thomas Children") Motion for Partial Summary Judgment (Doc. 79, Thomas Children MSJ), to which Defendant Dawn Begay ("Begay") filed a Response (Doc. 83, Resp. to Thomas Children MSJ), and the Thomas Children filed a Reply (Doc. 92, Thomas Children Reply); (2) Defendant Beverly Thomas's Motion for Summary Judgment (Doc. 81, BT MSJ), to which Defendant Dawn Begay filed a Response (Doc. 84, Resp. to BT MSJ), and Beverly Thomas filed a Reply (Doc. 93, BT Reply); and (3) Defendant Dawn Begay's Motion for Court Settlement Conference (Doc. 88), to which Beverly Thomas filed a Response (Doc. 94). No party requested oral argument on any Motion, and thus, the Court resolves the Motions without such argument. *See* LRCiv 7.2(f). Accordingly, the Court grants the Motions for Summary Judgment and denies the Motion for a Settlement Conference.

## I. BACKGROUND

In the early hours of March 14, 2015, a fire ignited in a residential trailer located at Space #287 in the Kayenta Mobile Home Park in Kayenta, Arizona. (Doc. 82, Beverly Thomas Separate Statement of Facts ("BT SSOF") Ex. A.) The fire department and other emergency personnel arrived on the scene shortly thereafter in an effort to extinguish the blaze. (BT SSOF Ex. A.) Upon arrival, the first responders found Beverly Thomas who reported that her husband, LeVon Thomas ("Mr. Thomas"), was still inside the trailer. The firefighters extinguished the fire and proceeded inside where they found LeVon Thomas's body

Three days later, the Navajo Department of Criminal Investigations performed an autopsy, which revealed that Mr. Thomas died from thermal injuries and smoke inhalation. His manner of death, however, was undetermined, and the Department closed the case because they found no evidence of foul play. (BT SSOF Ex. A.)

Prior to Mr. Thomas's death, Prudential Insurance ("Prudential") issued a group life insurance policy to his employer, Peabody Energy Corporation. (Doc. 1-1, Compl. Ex. A.) The Policy provided for $90,000 in term life insurance benefits in the event that Mr. Thomas passed away prior to retirement. (Compl. Ex. A at 9.) Further, the policy allowed Mr. Thomas "to choose a Beneficiary for each Coverage under this Prudential Group Contract." (Compl. Ex. A at 19.) In the event that Mr. Thomas failed to name a beneficiary, the plan would pay the benefit to "the first of the following: [his] (a) surviving spouse; (b) surviving child(ren) in equal shares . . . ." (Compl. Ex. A at 19.) However, Mr. Thomas named his wife—Beverly—as the primary beneficiary for both his life insurance and accidental death and dismemberment policies. (Doc. 4-1, Compl. Ex. D.) Additionally, Mr. Thomas named as contingent beneficiaries his "children on record 25% each." (Compl. Ex. D.)

On June 29, 2015, Beverly Thomas, as the designated beneficiary, submitted a claim with Prudential to collect Mr. Thomas's life insurance benefit. (Doc. 4-2, Compl. Ex. E.) However, Prudential did not pay out the policy because of the circumstances

surrounding Mr. Thomas's death. Instead, Prudential filed an Interpleader action in this Court for a determination to whom the benefit should be paid, naming as Defendants Beverly Thomas, the Thomas Children, and Begay. (Doc. 1, Compl. ¶¶ 2–7, 20–27.) In its Complaint, Prudential alleges that "[i]n the event that Beverly is not disqualified from receiving the Death Benefit, the Death Benefit will be payable to Beverly as the designated beneficiary under the Group Policy's Beneficiary Rules." (Compl. ¶ 23.)

Subsequently, Prudential deposited Mr. Thomas's death benefit into the Court's registry and the Court dismissed Prudential, and all claims against Prudential, with prejudice. (Doc. 66, Order.) Both Beverly Thomas and the Thomas Children now move for partial summary judgment on the Interpleader Complaint, arguing that Begay is not entitled to any portion of Mr. Thomas's death benefit.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative

evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

#### A. Motions for Summary Judgment

As Prudential alleges in the Interpleader Complaint, if Beverly Thomas "is not disqualified from receiving the Death Benefit," it shall be paid to her as Mr. Thomas's designated beneficiary. (Compl. ¶ 23.) No party contests this allegation. (Doc. 50, Thomas Children Answer ¶ 23; Doc. 16, Begay Answer ¶ 23; Doc. 31, Beverly Thomas Answer ¶ 23.) Thus, the predicate question at summary judgment—which both Beverly Thomas and the Thomas Children raise—is whether or not Beverly Thomas is disqualified under Arizona law. Begay insists that she is, arguing that Arizona Revised Statute § 14-2803 ("the Arizona slayer statute) precludes Beverly Thomas from recovering her husband's death benefit.

The Arizona slayer statute provides in relevant part that: "[a] person who feloniously and intentionally kills the decedent forfeits all benefits under this chapter with respect to the decedent's estate" and "[t]he felonious and intentional killing of the decedent . . . [r]evokes any revocable . . . appointment of property made by the decedent to the killer in a governing instrument." A.R.S. § 14-2803(A)-(B). A "conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted person as the decedent's killer" under the statute. A.R.S. § 14-2803(F). Even if a person has not been convicted, she may be still be

- 4 -

held as the decedent's killer under the statute if, "under the preponderance of evidence standard, the person would be found criminally accountable." *Id.*

In both Motions, the moving parties present evidence that investigators concluded that there was "no evidence of foul play" surrounding LeVon Thomas's death. (BT MSJ at 2; Thomas Children MSJ at 4; Beverly Thomas SSOF Ex. A.) Thus, the burden shifts to Begay to introduce evidence sufficient to create a genuine dispute of material fact whether Beverly Thomas can be held criminally accountable. In response, Begay relies largely on a single piece of evidence: Beverly Thomas's invocation of the Fifth Amendment in response to Begay's interrogatories. (Resp. to BT MSJ at 5–7; Doc. 86, Begay SSOF 5–20.)[1] Accordingly, the Court must determine whether this evidence is sufficient to survive summary judgment.

When a party opposing the application of the slayer statute invokes her Fifth Amendment right against self-incrimination, Arizona courts permit "the trier of fact . . . to infer the truth of the charged misconduct." *Castro v. Ballesteros-Suarez*, 213 P.3d 197, 202 (Ariz. Ct. App. 2009). However, no Arizona court has held this invocation *alone* to be sufficient evidence for a finder of fact to conclude that the invoking party "feloniously and intentionally" killed a decedent.

Courts in the Ninth Circuit, and other federal jurisdictions, follow a similar rule to that in Arizona. Thus "[w]hen a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion." *Nationwide Life Ins. Co. v Richards*, 541 F.3d 903, 911 (9th Cir. 2008). However, a court may only draw such an inference "when there is independent evidence of the fact about which the party refuses to testify." *Nationwide Life Ins. Co.*, at 912; *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("[W]hen there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative

---

[1] Although both moving parties raise this argument in favor of summary judgment, Begay offers responsive arguments only in her Response to Beverly Thomas's Motion.

- 5 -

inference will be permitted."). Because "the invocation [of the Fifth Amendment] itself is of little probative value," *Bean v. Alcorta*, 2015 WL 4164787, at *10 (W.D. Tex. July 9, 2015), this Court concludes that the same requirement applies in this case. Thus, the non-moving party must adduce some evidence other than the invocation of the Fifth Amendment to create a genuine dispute that a party may be held criminally accountable for the decedent's death, and thus, survive summary judgment. *See, e.g., State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 (5th Cir. 1990) (concluding that the invocation of the Fifth Amendment alone was insufficient to apply slayer statute in interpleader action).[2]

Here, Begay fails to enter any evidence into the summary judgment record other than Beverly Thomas's invocation of her Fifth Amendment right. For example, although Begay asserts that Beverly Thomas "escaped the fire with no problem" and that she "was in the home at the time the fire started," no evidence in the record supports these contentions. (*See* Resp. to BT MSJ at 6.)[3] Instead, the only evidence in the record of Beverly Thomas's whereabouts and acts on the night in question can be found in the police reported offered by the moving parties. That report indicates only that firefighters "escorted [Beverly Thomas] away from the residence" and she informed them that her husband was still inside. (Beverly Thomas SSOF Ex. A.) These facts simply are not probative of whether Beverly Thomas "feloniously and intentionally killed" her husband. Accordingly, Begay fails to present independent evidence of that fact she seeks to

---

[2] Despite Begay's repeated contention, the Arizona Court of Appeals's ruling in *Castro* does not mandate a different outcome in this case. In *Castro*, the Court upheld a finding by the Superior Court that the defendant was criminally responsible for the death of her husband under the slayer statute. *Castro*, 213 P.3d at 203. However, the *Castro* Court relied primarily on independent evidence of the defendant's culpability, including the testimony of a detective, a forged beneficiary form, and an attempt by the defendant to impede prosecution of the civil case. *Id.* Although the Court discussed the permissibility of a negative inference when the Fifth Amendment is invoked, it did not hold that this evidence alone supported the Superior Court's ruling. *Id.* at 53–54.

[3] Even more dubious is Begay's contention that that "[t]he homes in the Kayenta Mobile Home Park are either double wide or single wide trailers," which Begay supports by citing "Google Maps." (Resp. to BT MSJ at 6.) A cite to "Google Maps," without more, is insufficient to support a factual contention at summary judgment.

prove—that Beverly Thomas killed her husband. The Court therefore will not draw a negative inference against Beverly Thomas and will grant the moving parties summary judgment.[4]

### B. Motion for a Settlement Conference

Additionally, the Court addresses Begay's Motion for a Settlement Conference. In her Motion, Begay argues that neither the Thomas Children nor Beverly Thomas engaged in good faith settlement discussions prior to filing their respective Motions for Summary Judgment. Begay, however, fails to attach any evidence or affidavit in support of this contention, nor any authority requiring a party to so engage. The Court thus denies the Motion.

## IV. CONCLUSION

In response to Beverly Thomas and the Thomas Children's Motions, Begay fails to present sufficient evidence to support a finding that Beverly Thomas feloniously and intentionally killed her husband. Thus, the Arizona slayer statute does not preclude Beverly Thomas from recovering her husband's Prudential death benefit. Although the Court believes that its conclusion resolves this matter in its entirety, it will leave it to the parties to file a joint status report to inform the Court what, if any, issues must be resolved prior to the entry of judgement.

IT IS THEREFORE ORDERED granting Defendant Beverly Thomas's Motion for Summary Judgment (Doc. 81).

IT IS FURTHER ORDERED granting Defendants Amanda Thomas, Matthew Thomas, Andrea Thomas-Fuller, and Michelle Thomas-Landovazo's Motion for Summary Judgment (Doc. 79).

IT IS FURTHER ORDERED denying Defendant Dawn Begay's Motion for Hearing (Doc. 88).

---

[4] Because the Court finds that the slayer statute does not apply to Beverly Thomas, it need not reach the other arguments raised in the Motions.

IT IS FURTHER ORDERED that the parties shall file a joint status report within 14 days of this Order informing the Court what, if any, issues remain prior to entry of judgment in this matter. If no such notice is filed, the Court will enter final judgment in accordance with this Order and close the case.

Dated this 26th day of July, 2018.

Honorable John J. Tuchi
United States District Judge